UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADEL ROOTSTEIN (U.S.A.), INC. | Case No. 08 CV 1596 |
| Plaintiff, | Judge Joan B. Gottschal |
| vs. | Magistrate Judge Michael T. Mason |
| FOREVER 21, INC., | |
| Defendant. | |

## ANSWER

Defendant Forever 21, Inc. ("Forever 21") responds to the unverified Complaint of Plaintiff Adel Rootstein (U.S.A.), Inc. ("Plaintiff") as follows:

## PARTIES

1.  Plaintiff Rootstein is a New York corporation having its principal place of business at 205 West 19th Street, New York, New York 10011.  Rootstein is a wholly owned subsidiary of Adel Rootstein (Overseas) Ltd., a private limited company organized under the laws of the United Kingdom, which is a wholly owned subsidiary of The Rootstein Hopkins Group Ltd., a private limited company organized under the laws of the United Kingdom.  Rootstein designs and manufactures premium artistic mannequins of supermodels and other figures, frequently in fanciful poses, for sale to premium retailers and to art collectors in the United States and for export and sale throughout the world.

**ANSWER:**  Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies them.

2.  Upon information and belief, Forever 21 is a California corporation with its principal place of business at 2001 S. Alameda Street, Los Angeles, CA 90058.  Forever 21 is

engaged in the retail apparel business, selling men's and women's apparel and related items in retail outlets across the United States and though its website.

**ANSWER:**     Forever 21 admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.       This Court has personal jurisdiction over Forever 21 because it conducts business and uses infringed copies of Rootstein's designs in the State of Illinois and within this judicial district, Forever 21 owns and operates several retail shops in the State of Illinois and in this judicial district.

**ANSWER:**     Forever 21 admits only that Forever 21 retail stores exist in the State of Illinois, and otherwise denies the remaining allegations of Paragraph 3.

4.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction is proper under Section 1331 and 1338 because Rootstein asserts claims under the federal Copyright Act.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Rootstein's pendent state law claim.

**ANSWER:**     Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5.       Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and (c), as upon information and belief, a substantial part of the activities giving rise to the claims asserted occurred and are continuing in this judicial district.

**ANSWER:**     Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies them.

## ROOTSTEIN'S FAMOUS MANNEQUIN DESIGNS

6.      Rootstein is in the business of designing, manufacturing, distributing, and selling high-end specialty mannequins.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis denies them.

7.      Rootstein, formed in 1956, created a revolutionary line of display mannequins with an innovative outlook in design and ideas which made its founder, Adel Rootstein, world-famous in her field.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies them.

8.      For the past 50 years, Rootstein has been designing artistic mannequins that are sculpted by artists and inspired by famous models singers, actors, and other personalities. Rootstein's famous inspirations include supermodels from Twiggy in the 1960s to Erin O'Connor today, as well as actresses such as Joan Collins.  Rootstein's exclusive clientele includes Oscar de la Renta, Chanel, and Bergdorf Goodman, who seek to display mannequins as sculpted and exclusive artwork.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies them.

9.      Each of its Rootstein's original designs begins life in the bands of a master sculptor before being transformed into a unique mannequin.  Rootstein creates new and fanciful poses for each of its subjects that emphasize and interpret the individual's natural beauty and form.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

10.    Rootstein is the owner of the following U.S. Copyright Registrations for its mannequin designs:

| Title | Reg. No. | Reg. Date |
|-------|----------|-----------|
| Erin (ER2) | VA 1-381-760 | August 31, 2006 |
| Eva (BN5) | VA 1-381-756 | August 31, 2006 |
| Marianna (G7) | VA 1-381-757 | August 31, 2006 |
| Catherine (G8) | VA 1-381-758 | August 31, 2006 |
| Susie (LIF7) | VA 1-381-759 | August 31, 2006 |
| Helga (RF3) | VA 1-381-761 | August 31, 2006 |

Copies of the registration certificates are attached collectively as Exhibit A.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies them.

11.    Rootstein is also the owner of the following pending U.S. Copyright Applications for its mannequin designs:

| Title | Reg. No. | Reg. Date |
|-------|----------|-----------|
| Adela (P10) | N/A | November 9, 2007 |
| Line (NM3) | N/A | November 9, 2007 |
| Lidija (AR2) | N/A | November 9, 2007 |
| Anne (AN2) | N/A | November 9, 2007 |

Copies of the applications are attached collectively as Exhibit B.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies them.

12.    Rootstein sells its mannequins to numerous clients in Chicago, Illinois including Marshall Fields (new Macy's), Neiman Marcus and Saks Fifth Avenue.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies them.

13.    Rootstein expends substantial time, money and creative effort in the development and creation of each of its mannequin designs.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies them.

14.    To create and maintain goodwill among its customers, Rootstein has taken substantial steps to assure that all of its mannequins are of the highest quality.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

15.    As a consequence of the extensive advertising and promotion by Rootstein, and as a result of the substantial sales that Rootstein has generated for its mannequin designs, Rootstein has developed enormous recognition for its mannequins, and has acquired and enjoys an immensely valuable reputation and tremendous goodwill associated with each of its original designs.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

**FOREVER 21'S WRONGFUL ACTIVITIES**

16.    Rootstein recently discovered that Forever 21 is using and displaying copies of Rootstein's Erin (ER2), Adela (P10), Line (NM3), Lidija (AR2), and Anne (AN2) mannequin designs in its mass market retail stores.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 16 of the Complaint.

17.    More particularly, Forever 21 purchased some of Rootstein's mannequins and then began using reproductions of Rootstein's designs.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 17 of the Complaint.

18.    Forever 21 willfully copied those designs without authorization from Rootstein.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 18 of the Complaint.

19.    Forever 21's unauthorized copies of Rootstein's mannequins are manufactured with lower grade materials and are of an inferior quality to Rootstein's mannequins.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 19 of the Complaint.

20.    Forever 21 uses unauthorized copies of Rootstein's mannequin designs in its retail stores in Illinois and in this judicial district.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 20 of the Complaint.

21.    Forever 21 is not affiliated with or sponsored by Rootstein, and has never been authorized by Rootstein or any of its subsidiaries, affiliates or authorized agents to use Rootstein's mannequin designs.

**ANSWER:**    Forever 21 lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies them.

22.    On April 4, 2007, Rootstein notified Forever 21 of Rootstein's rights in its mannequin designs and requested that Forever 21 cease purchasing and using unauthorized copies of these copyrighted designs.

**ANSWER:**    Forever 21 admits the allegations in Paragraph 22 of the Complaint.

23.    On August 23, 2007, Rootstein and Forever 21 signed a Settlement Agreement to resolve the parties' dispute over Forever 21's use of certain Disputed Mannequin Designs.  A copy of the Settlement Agreement is attached as Exhibit C.

**ANSWER:**    Forever 21 admits the allegations in Paragraph 23 of the Complaint.

24.    The Settlement Agreement provided that Forever 21 could continue to use the Disputed Mannequin Designs until January 31, 2008 in exchange for a payment of $75,000 to Rootstein.  (Exhibit C, at § 2.1.) The Settlement Agreement, however, prohibited Forever 21 from ordering any of the Disputed Mannequin Designs or similar copies of Rootstein Designs. (*Id.*) The agreement also provided that Forever 21 would "permanently refrain from reproducing, displaying, importing, advertising, marketing & promoting, licensing or otherwise distributing, either directly or through any third party, all of the Disputed Mannequin Designs and any copies or substantially similar copies of the Rootstein Mannequins after January 31, 2008." (*Id.*)

**ANSWER:**    Forever 21 admits the allegations in Paragraph 24 of the Complaint.

25.    The Settlement Agreement also required Forever 21 to destroy all copies or substantially similar copies of Rootstein's mannequin designs after January 31, 2008.  (Exhibit C, at 2.2.)

**ANSWER:**    Forever 21 admits the allegations in Paragraph 25 of the Complaint.

26.     Additionally, the Settlement Agreement stated that a breach of Forever 21's obligations under the Settlement Agreement would result in irreparable injury and that it would be difficult or impossible to establish the full monetary value of such damage.  (Exhibit C, at § 3.) As such, any breach by Forever 21 of its obligations under the Settlement Agreement would entitle Rootstein to immediate injunctive relief.  (*Id.*)

**ANSWER:**     Forever 21 admits that the Settlement Agreement mentions irreparable injury, however, the same Settlement Agreement expressly provides no admission of liability. Accordingly, plaintiff must establish some underlying legal basis for the equitable relief it may ultimately request.

27.     Despite its obligations under the Settlement Agreement, and despite attempt by Rootstein to resolve this dispute amicably, Forever 21 continues to use unauthorized copies of Rootstein mannequin designs in its retail outlets.

**ANSWER:**     Forever 21 denies the allegations in Paragraph 27 of the Complaint.

28.     Forever 21's unauthorized reproduction and use of Rootstein's original copyrighted mannequin designs deprives Rootstein of the benefit of its copyright registrations.

**ANSWER:**     Forever 21 denies the allegations in Paragraph 28 of the Complaint.

29.     Rootstein has lost and will continue to lose substantial revenue from Forever 21's copyright infringement in the manner described above.

**ANSWER:**     Forever 21 denies the allegations in Paragraph 29 of the Complaint.

30.     Unless these acts of Forever 21 are restrained by this Court, they will continue to cause irreparable injury to Rootstein for which there is no adequate remedy at law.

**ANSWER:**     Forever 21 denies the allegations in Paragraph 30 of the Complaint.

## COUNT I

## COPY RIGHT INFRINGEMENT (17 U.S.C. § 501)

31.    Rootstein realleges and incorporates herein the allegations in Paragraphs 1 through 30 of this Complaint.

**ANSWER:**    Forever 21 repeats paragraphs 1 through 30, *supra*, and incorporates the responses of said paragraphs by reference as if herein set forth in their entirety.

32.    Forever 21's unauthorized reproduction and use of copies of Rootstein's mannequin, designs infringes Rootstein' s copyrights in these designs.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 32 of the Complaint.

33.    The acts of Forever 21 complained of herein constitute copyright infringement in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 33 of the Complaint.

34.    Forever 21's acts complained of herein have been deliberate, willful, and intentional, with felt knowledge and in conscious disregard of Rootstein's rights in its mannequin designs.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 34 of the Complaint.

35.    As a result of the foregoing alleged actions of Forever 21, it has been unjustly enriched and Rootstein has been injured and damaged.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 35 of the Complaint.

36.    Unless the foregoing alleged nations of Forever 21 are enjoined, Rootstein will continue to suffer injury and damage.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 36 of the Complaint.

## COUNT II

## BREACH OF CONTRACT

37.    Rootstein realleges and incorporates herein the allegations in Paragraphs 1 though 36 of this Complaint.

**ANSWER:**    Forever 21 repeats paragraphs 1 through 36, *supra*, and incorporates the responses of said paragraphs by reference as if herein set forth in their entirety.

38.    In the Settlement Agreement, Forever 21 agreed to cease using or displaying the Disputed Mannequin Designs and any copies or substantially similar copies of the Rootstein Mannequin designs.  (Exhibit C, at § 2.1.)

**ANSWER:**    Forever 21 admits the allegations in Paragraph 38 of the Complaint.

39.    Upon information and belief, Forever 21 continues to display several copies of the Rootstein Mannequin designs in Forever 21 retail outlets.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 39 of the Complaint.

40.    Forever 21 breaches of its obligations under the Settlement Agreement have caused Rootstein to suffer injury and damage.

**ANSWER:**    Forever 21 denies the allegations in Paragraph 39 of the Complaint.

### First Affirmative Defense to All Causes of Action:

### Failure to Allege Facts Sufficient to Constitute a Cause of Action

1.    The complaint fails to allege facts sufficient to constitute a cause of action against Forever 21.

## Second Affirmative Defense to All Causes of Action:

### Waiver

2.     Plaintiff has waived and is barred from maintaining or recovering upon the claims asserted in the complaint and from any other recovery against Forever 21.

## Third Affirmative Defense to All Causes of Action:

### Unclean Hands and /or Inequitable Conduct

3.     As a result of Plaintiff's conduct and/or the conduct of others attributable to it, Plaintiff is guilty of unclean hands and/or inequitable conduct, and so is barred from maintaining or recovering upon the claims asserted in the complaint and from any other recovery against Forever 21.

## Fourth Affirmative Defense to All Causes of Action:

### Estoppel

4.     Plaintiff is estopped from bringing, maintaining or recovering upon the claims asserted in the complaint and from any other recovery against Forever 21.

## Fifth Affirmative Defense to All Causes of Action:

### Absence of Legally Cognizable and/or Proximately Caused Damages

5.     Plaintiff has failed to allege, let alone incur, legally cognizable, or even proximately caused, damages, and so is barred from maintaining or recovering upon the claims asserted in the complaint and from any other recovery against Forever 21.

## Sixth Affirmative Defense to All Causes of Action:

### Laches

6.     Plaintiff is guilty of laches, and so is barred from maintaining or recovering upon the claims asserted in the complaint and from any other recovery against Forever 21.

**Seventh Affirmative Defense to All Causes of Action:**

**Mistake**

7.     Plaintiff is mistaken with respect to the allegations and/or claims asserted in the complaint, and so is barred from maintaining or recovering upon the claims asserted in the complaint and from any other recovery against Forever 21.

**Eighth Affirmative Defense to All Causes of Action:**

**Invalid Copyright**

8.     One or more of the copyright registrations at issue are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

**Ninth Affirmative Defense to All Causes of Action:**

**Copyright Misuse**

9.     The claims asserted in the complaint are barred by the doctrine of copyright misuse.

**Tenth Affirmative Defense to All Causes of Action:**

**Right to Assert Additional Defenses**

10.     Forever 21 hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent through discovery and the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

WHEREFORE, defendant Forever 21 prays for judgment as follows:

1.     That plaintiff takes nothing by way of its complaint;

2.     That the complaint be dismissed in its entirety with prejudice;

3.     That judgment be entered in favor of defendant Forever 21 and against plaintiff on its complaint;

4.     For costs of suit; and

5.      For such other and further relief as may be permitted by law and/or as the court may deem just and proper.

Respectfully submitted

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP


By:      /s/ Brett A. August

          Brett A. August (0081345
          Alexis E. Payne (6270412)
          311 South Wacker Drive
          Suite 5000
          Chicago, Illinois  60606
           (312) 554-8000
           (312) 554-8015 (facsimile)


          Larry C. Russ
          RUSS, AUGUST & KABAT
          12424 Wilshire Blvd., 12thFlr.
          Los Angeles, CA 90025
          Telephone: 310-826-7474
          Fax:  310-826-6991
          Email:  lcruss@raklaw.com

Attorneys for Forever 21, Inc.