UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADEL ROOTSTEIN (U.S.A.), INC.<br><br>Plaintiff,<br><br>vs.<br><br>FOREVER 21, INC.,<br><br>Defendant. | Case No. 08 CV 1596<br><br>Judge Joan B. Gottschal<br>Magistrate Judge Michael T. Mason |

**OPPOSITION TO MOTION FOR ENTRY OF DEFAULT**

Pursuant to Federal Rule of Procedure 55(c) and Local Rule 5.3, Defendant Forever 21, Inc. ("Defendant" or "Forever 21") hereby submits its Opposition to the Motion for Entry of Default (the "Motion") of Plaintiff Adel Rootstein (U.S.A.), Inc. ("Plaintiff").

Default should not be entered in this case (1) because the issue of default has been mooted since Forever 21 has filed an answer to the complaint, thus preventing entry of default, and (2) because Forever 21's innocent mistake[1] regarding the date of service of the summons constitutes good cause to deny the Motion.

**A.  BECAUSE AN ANSWER HAS BEEN FILED, THE MOTION IS MOOT AND A DEFAULT CANNOT BE ENTERED.**

Plaintiff's Motion is based on the assumption that the Defendant would not appear. However, the Defendant has appeared in this matter. In addition to filing this Opposition, Defendant filed an Answer on April 23, 2008. Both filings constitute appearances by Forever 21

---

[1] See the accompanying declaration of Young Kwon, General Counsel of Forever 21.

288827v1                                       1

and demonstrate its desire and ability to defend the claims asserted against it. Because the Defendant has answered, the Motion is moot, and should be denied on those grounds.

Filing an answer, though belated, prevents entry of default so long as such filing is prior to entry of default. In *U.S. v. Smith*, the defendant filed an answer untimely, but prior to the entry of default, yet the clerk nonetheless entered a default. 212 F.R.D. 480, 481 (M.D.N.C. 2002). The court set the entry aside on the grounds that the answer constituted an appearance, and therefore only the court could enter a default judgment. *Id.* The court stated, "If a defendant has made an appearance, however, default judgment may not be entered by the clerk and may be entered only by the court." *Id.*

Because an answer has been filed and an appearance has been made, the clerk cannot enter a default judgment against Forever 21. The Motion, for entry of default, therefore must be denied.

**B.    BECAUSE FOREVER 21 BELIEVED IN GOOD FAITH THAT THE SUMMONS HAD NOT BEEN SERVED, THE MOTION SHOULD BE DENIED.**

Upon a showing of "good cause," a court may set aside an entry of default. Fed.R.Civ.Proc. 55(c). Good cause includes mistake of fact by a party or attorney as to the duty to respond to the complaint. *999 v. Cox & Co.,* 574 F. Supp. 1026, 1029 (E.D.Mo. 1983). A good cause sufficient to set aside an entry of default should certainly prevent entry of default. In a case where default has not even entered, as here, showing of a good cause should prevent such entry.

Forever 21's in-house counsel, Mr. Young Kwon, was not notified that the summons had been served. Declaration of Young Kwon at ¶ 2. Forever 21's in-house counsel believed in good faith that the summons had not been served. *Id.* at ¶ 3.

Mr. Kwon advised Forever 21's outside-counsel, Mr. Larry Russ, that the summons had not been served. Kwon Decl. at ¶ 4; Declaration of Larry C. Russ at ¶ 2. Between April 1 and

April 17, 2008, Mr. Russ engaged in numerous communications with Plaintiff's counsel in an effort to amicably resolve the dispute raised by Plaintiff's complaint.  At no time during these two weeks of communications did Plaintiff's counsel inform Mr. Russ that the summons had been served.  *Id.* at ¶ 3-4.  Furthermore, although Plaintiff had been informed that Forever 21 had retained outside counsel, Mr. Russ, and had engaged in numerous settlement discussions and exchanged correspondence with Mr. Russ, Plaintiff did not serve the Motion on Mr. Russ, or even provide him with a courtesy copy.  *Id.* at ¶ 5.

A good faith mistaken belief as to the date of response to a complaint has long been held to constitute "good cause" for setting aside an entry of default.  For example, in *999 v. Cox & Company*, a defendant defaulted due to a client's mistaken statement to his attorney as to the date the summons was received.  574 F. Supp 1026, 1029 (E.D.Mo.).  Upon discovering the mistake, the defendant promptly attempted to cure the default.  *Id.*  The plaintiff also failed to inform defendant of its intention to move for default.  *Id.*  The court found such a situation constituted sufficient "good cause" to overturn the entry of a default.  *Id.* at 1030.

The situation here is almost identical to that in *999*: (1) Forever 21 was mistaken as to the date of service of summons; (2) the Plaintiff made no effort to notify Forever 21 of its intention to move for default; and (3) upon learning of a potential default, Forever 21 promptly filed an Answer.  The only factual distinction is that a default has not yet been entered here, which weighs in favor of Forever 21.

Forever 21 made a good faith mistake, which it has promptly moved to correct.  Moreover, the Plaintiff and its counsel should not be rewarded for litigation by stealth.  Indeed, once counsel is informed that a defendant has retained counsel, in most jurisdictions it is considered extremely bad form to fail to communicate with Counsel before applying to take the default of a party.  Good cause therefore exists to overturn an entry of default, and the Motion should therefore be denied.

**C.     CONCLUSION**

Because (1) an Answer has been filed and (2) Forever 21's belated filing of the Answer was due to a good faith mistake, the Motion should be DENIED.

>Respectfully submitted
>
>Forever 21, Inc.
>
>PATTISHALL, McAULIFFE, NEWBURY,
>HILLIARD & GERALDSON LLP
>
>By:    /s/ Brett A. August
>
>   Brett A. August (0081345
>   Alexis E. Payne (6270412)
>   311 South Wacker Drive
>   Suite 5000
>   Chicago, Illinois  60606
>    (312) 554-8000
>    (312) 554-8015 (facsimile)
>
>   Larry C. Russ
>   RUSS, AUGUST & KABAT
>   12424 Wilshire Blvd., 12thFlr.
>   Los Angeles, CA 90025
>   Telephone: 310-826-7474
>   Fax:  310-826-6991
>   Email:  lcruss@raklaw.com
>
>Attorneys for Forever 21, Inc.